1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ARTURO E. ACOSTA,               )
                                )
            Plaintiff,          )
                                )            3:15-cv-00070-RCJ-VPC
        v.                      )
                                )
RENEE BAKER, et al.,            )            **SCREENING ORDER**
                                )
            Defendants.         )
_____ )

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), submitted a civil rights complaint under 42 U.S.C. § 1983, filed an application to proceed *in forma pauperis*, filed a motion for appointment of counsel, and filed a motion to extend the copy work limit. (Doc. #1.) The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

**I.     SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any civil case "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, the court must dismiss the case if "the allegation of poverty is untrue" or if the court determines the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

Dismissal for failure to state a claim under § 1915A incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). To survive § 1915A review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court liberally construes *pro se* civil rights complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quoting *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir.1986)).

## II.     SCREENING OF COMPLAINT

### A.     Background

Plaintiff alleges that on June 12, 2014, he was transferred by bus from Ely State Prison to Northern Nevada Correctional Center. (Compl. (Doc. #1-1) at 3-4.) During the transfer, Plaintiff was restrained with belly chains and ankle shackles. (*Id.* at 3.) Plaintiff alleges that while he was climbing into the bus, the chain to the ankle shackles caught

1    under his foot, causing him to trip and land on his left knee.  (*Id.*)  Plaintiff alleges that

2    when he fell, his left knee "popped," causing pain and swelling.  (*Id.* at 4.)

3          Plaintiff alleges he submitted a medical kite on June 14, 2014, stating he had fallen

4    on the bus and was in pain.  (*Id.*)  Plaintiff alleges that he submitted a second medical kite

5    on June 26, 2014, and that on the same date a nurse visited him and gave him an

6    ibuprofen pain pack consisting of twenty-four pills.  (*Id.*)  Plaintiff further alleges that on July

7    1, 2014, another nurse visited him and gave him another ibuprofen pain pack.  (*Id.*)

8    Plaintiff alleges that on July 9 and July 21, 2014, he submitted additional medical kites

9    stating he was in pain and asking for more ibuprofen.  (*Id.* at 4-5.)  According to Plaintiff, on

10   July 23, 2014, he received another ibuprofen pain pack.  (*Id.* at 5.)  Plaintiff further alleges

11   he submitted an informal grievance on July 28, 2014, and requested additional ibuprofen

12   on August 11, 2014.  (*Id.*)

13         According to Plaintiff, on August 14, 2014, he was examined by a doctor, who

14   prescribed 600 milligram ibuprofen pills to be taken twice daily and ordered x-rays, which

15   were taken on August 25, 2014.  (*Id.*)  Plaintiff alleges that nobody told him the results of

16   the x-rays.  (*Id.*)  Plaintiff further alleges that although the swelling had gone down by the

17   date of his x-rays, his left knee would lock for thirty to forty-five minutes at a time, causing

18   pain and soreness.  (*Id.*)  Plaintiff alleges that on August 25 and September 2, 2014, he

19   asked for different medication because the ibuprofen no longer was effective.  (*Id.* at 5-6.)

20         Plaintiff contends that on September 5, 2014, his informal grievance was denied,

21   and he filed a first level grievance on the same date because "they had gotten my knees

22   mixed up."  (*Id.* at 6.)  He further alleges that Defendant Renee Baker, who is the Warden

23   of the Ely State Prison, denied his first level grievance.  (*Id.* at 8.)  Plaintiff references a

24   grievance that is attached to his complaint, though it does not appear to be signed by

25   Defendant Baker.  (*Id.* at 8, 18.)  Plaintiff also alleges he has a "no kneel order signed by

26   the warden" with respect to Plaintiff's right knee, which was injured at Lovelock Correctional

27   Center.  (*Id.* at 8.)  According to Plaintiff, even though the "no kneel order" was for his right

28   knee, it benefitted his left knee, apparently because "everybody needs to kneel to have

1    ankle shackles put on" at Ely State Prison.  (*Id.*)

2          Plaintiff also contends that on September 8 and September 19, 2014, he submitted

3    medical kites asking for different medication than ibuprofen.  (*Id.* at 6.)  Plaintiff alleges he

4    was transferred back to Ely State Prison on September 23, 2014.  (*Id.*)  He further alleges

5    that on October 20, 2014, he submitted a medical kite asking to see another doctor.  (*Id.*)

6    According to Plaintiff, on October 24, 2014, Defendant Dr. Michael B. Kohen examined

7    Plaintiff's left knee, ordered ibuprofen for the pain, and asked whether Plaintiff would like a

8    cortisone injection, which Plaintiff declined because "a shot would not fix my problem" and

9    "they hurt a lot."  (*Id.* at 6-7.)  Plaintiff also alleges Dr. Kohen offered to give him a mild pain

10   pill called Naproxen, but Plaintiff declined the medication because it "does not work with

11   [his] stomach."  (*Id.* at 9.)  Plaintiff alleges Dr. Kohen would not authorize surgery.  (*Id.* at

12   7.)

13         On February 2, 2015, Plaintiff submitted a complaint under 42 U.S.C. § 1983,

14   asserting claims against Defendants Renee Baker (count one) and Dr. Kohen (count two)

15   arising from the alleged lack of medical care Plaintiff received for the injury to his left knee.

16   (*Id.* at 2-9.)  Plaintiff seeks monetary relief.  (*Id.* at 13.)  The Court understands Plaintiff to

17   be asserting claims for Eighth Amendment deliberate indifference to serious medical needs

18   against Defendants Baker and Dr. Kohen.

19         **B.     Eight Amendment Deliberate Indifference (counts one and two)**

20         The Eighth Amendment to the United States Constitution prohibits "cruel and

21   unusual" punishment.  U.S. Const. amend. VIII.  "Under 42 U.S.C. § 1983, to maintain an

22   Eighth Amendment claim based on prison medical treatment, an inmate must show

23   'deliberate indifference to serious medical needs.'"  *Jett v. Penner*, 439 F.3d 1091, 1096

24   (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The test for

25   deliberate indifference has an objective and a subjective component.  *See Id.*  Objectively,

26   the violation must be "sufficiently serious."  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.

27   2000) (quotation omitted).  A violation is sufficiently serious if it deprives the inmate of "the

28   minimal civilized measure of life's necessities."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

4

1    Subjectively, the prisoner must show the defendant acted with a culpable state of mind.

2    *Johnson*, 217 F.3d at 731.  To establish the requisite state of mind, an inmate must show

3    that "the official was aware of a risk to the inmate's health or safety and that the official

4    deliberately disregarded the risk."  *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009).

5    Specifically, the official must know of and disregard "an excessive risk to inmate health or

6    safety; the official must both be aware of facts from which the inference could be drawn

7    that a substantial risk of serious harm exists, and he must also draw the inference."  *Estate*

8    *of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1050 (9th Cir. 2002) (quotation omitted).

9         A prison official is deliberately indifferent to a prisoner's serious medical need if he

10   denies, delays, or intentionally interferes with medical treatment.  *Jett*, 439 F.3d at 1096.

11   However, negligence in diagnosing or treating a medical condition, without more, does not

12   violate a prisoner's Eighth Amendment rights.  *Id.*  Moreover, a difference of opinion

13   between the physician and the prisoner concerning the appropriate course of treatment

14   does not amount to deliberate indifference to serious medical needs.  *See Toguchi v.*

15   *Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th

16   Cir. 1996).  Instead, the plaintiff must show the course of treatment the physician chose

17   "was medically unacceptable under the circumstances" and the physician chose this

18   course of action "in conscious disregard of an excessive risk to the prisoner's health."

19   *Toguchi*, 391 F.3d at 1058 (quotation omitted).

20        Here, Plaintiff fails to state a claim for Eighth Amendment deliberate indifference to

21   serious medical needs against Defendant Baker in count one.  Although Plaintiff alleges

22   Defendant Baker denied Plaintiff's first level grievance regarding the care Plaintiff received

23   for his left knee, the grievance Plaintiff references and attaches to his complaint does not

24   appear to be signed by Defendant Baker.  Besides the allegation that Defendant Baker

25   denied Plaintiff's grievance, Defendant Baker is not mentioned elsewhere in the complaint.

26   There are no allegations that Defendant Baker participated in, directed, or knew of the

27   medical care Plaintiff received for his left knee, or that Defendant Baker otherwise was

28   subjectively aware of a serious medical need and failed to respond.  Amendment therefore

1  would be futile.  *See Taylor v List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that "[a]

2  supervisor is only liable for constitutional violations of his subordinates if the supervisor

3  participated in or directed the violations, or knew of the violations and failed to act to

4  prevent them.  There is no *respondeat superior* liability under [§] 1983").  The Court

5  therefore will dismiss count one, with prejudice.

6         Plaintiff similarly fails to state a claim for Eighth Amendment deliberate indifference

7  to serious medical needs against Defendant Dr. Kohen in count two.  Given that Plaintiff

8  alleges he was treated with medication for the pain in his left knee, he fails to state a claim

9  that Dr. Kohen was deliberately indifferent to Plaintiff's serious medical need.  Moreover,

10 Plaintiff alleges Dr. Kohen offered him a cortisone injection and a different pain medication,

11 but that Plaintiff declined both of them.  Although Plaintiff appears to disagree with the

12 treatment he received, including whether a cortisone injection would improve his condition

13 and Dr. Kohen's refusal to recommend surgery, a difference of opinion between a

14 physician and a prisoner regarding the appropriate course of treatment does not amount to

15 deliberate indifference to serious medical needs as a matter of law.  *See Toguchi*, 391

16 F.3d at 1058; *Jackson*, 90 F.3d at 332.  The Court therefore will dismiss count two, with

17 prejudice, as amendment would be futile.

18 **III.    CONCLUSION**

19        IT IS THEREFORE ORDERED that the Clerk of Court shall detach and file Plaintiff

20 Arturo E. Acosta's complaint (Doc. #1-1).

21        IT IS FURTHER ORDERED that Plaintiff Arturo E. Acosta's complaint is

22 DISMISSED in its entirety for failure to state a claim, with prejudice, as amendment would

23 be futile.

24        IT IS FURTHER ORDERED that Plaintiff Arturo E. Acosta's Application to Proceed

25 *In Forma Pauperis* (Doc. #1) is DENIED as moot.

26        IT IS FURTHER ORDERED that Plaintiff Arturo E. Acosta's motion for appointment

27 of counsel (Doc. #1-3) is DENIED as moot.

28        IT IS FURTHER ORDERED that Plaintiff Arturo E. Acosta's motion to extend the

copy work limit (Doc. #1-4) is DENIED as moot.

IT IS FURTHER ORDERED that an *in forma pauperis* appeal from this Order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment in favor of Defendants Renee Baker and Michael B. Kohen and against Plaintiff Arturo E. Acosta.

Dated this 30th day of June, 2015.

ROBERT C. JONES
United States District Judge

7